Wm. K. Eastman, *et al.*

*v.*

Morris Lamprey.

In an action brought under chapter 75 of the General Statutes, possession must be proven.

This chapter only provides a remedy for parties who, being in possession, cannot maintain ejectment.

This action was commenced in the district court for Dakota county. The complaint alleges substantially, that at the time of the commencement of the action, the plaintiffs were the owners in fee simple, each of one undivided one-sixth part of certain real estate in said county, (therein described,) and were by their tenants in possession of the same; that the defendant claims an estate and interest in the said two undivided sixth parts of said premises adverse to said plaintiffs, and demands the judgment of the court determining said adverse claim, &c.

The defendant in his answer denies both the ownership and possession of plaintiffs, and alleges ownership in himself, and possession by his tenant, and sets up his title. The reply

puts at issue the new matter in the answer. The cause was tried before a referee whose report appears in the opinion of the court. Judgment was entered upon the report of the referee in favor of the defendant, and the plaintiffs remove the cause to this court by writ of error.

D. A. SECOMBE, for Plaintiffs in Error.

The court below erred in dismissing the action.

I.—Because the facts found by the referee, under the pleadings, constitute a good cause of action for the plaintiffs, independent of the question of possession.

a. This action is substantially in the nature of a bill in equity to remove a cloud from the plaintiff's title, in which it is only necessary for the plaintiff to show his own ownership, and a *prima facie* adverse title in the defendant. 7 *Minn. R*, 167; 8 *ib.* 403.

b. The objection that in this action the complaint does not set forth the details of the defendant's claim of title, is properly considered as a matter of practice; had the defendant chosen, at the proper time, he might have objected to the complaint as indefinite; but waiving the objection, he has obviated its force, by setting up in his answer the exact nature of his claim.

c. This is not an action under Sec. 1, Chap. 74 Revised Statutes. The only effect of that Statute is to give *the naked possessor* a right to maintain an action; which he would not have without the statute. 2 *Minn.* 153; 5 *ib.* 223; 6 *ib.* 179.

II.—Because the facts found by the referee show, as a conclusion of law, that the plaintiffs were in possession at the time of the commencement of the action.

a. The actual possession of the premises at the time of the commencement of the action, was in a tenant, who went into

possession as the tenant of the joint owners, of whom plaintiffs were two, and who had remained ever since such entry, continuously in possession.

*b.* The attempted attornment of the tenant to the defendant was void, for the reason that a tenant cannot attorn to a stranger, without first surrendering to his lessor. 5 *Wend.* 246 ; 5 *Denio*, 431 ; 8 *Minn.* 435.

*c.* The said attempted attornment was void by reason of the two-fold fiduciary relation of the defendant to the plaintiffs, to wit : tenancy in common, and agency. 5 *Johns. Ch.* *R.* 407 ; 1 *ib.* 394 ; 4 *ib.* 118.

MORRIS LAMPREY, for Defendant in Error.

I.—This action was brought under our statute, which authorizes any person in possession of real property by himself or his tenant, to commence an action against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim ; otherwise the complaint does not state any facts sufficient to constitute a cause of action against said defendant ; and that objection can be taken at any time. *In* 6 *Minn.*, 179, the Court say, " The evident design of the Legislature in passing this act was to give to parties in possession of real property the same facilities for testing the merits of adverse claims of title that are always at hand, for those who are excluded from the possession, but claim an estate therein adverse to that of the occupant. The importance to the plaintiff of showing himself in possession is apparent, for on that depends his right to bring the action under the statute." The only facts necessary to constitute a cause of action under this statute are the actual possession of the land by the plaintiff in person, or by tenant, and some adverse claim by the defendant of an interest in the land. The possession of real estate

is *prima facie* evidence of a seizin in fee; and the statute is based upon this presumption. The complaint in this case is in no sense a bill in equity; for such complaint in equity must state all the facts on which the plaintiff relies to recover. The complaint must state a good cause of action, and cannot be helped by the reply. *Comp. Stats.*, 595, *secs.* 1, 3; 2 *Minn.*, 153; 5 *ib.*, 239; 6 *Minn.*, 179; 7 *Minn.*, 167; 8 *Minn.*, 403; 5 *Minn.*, 377; 10 *Minn.*, 59; 2 *Minn.*, 78; *Gould Pl.*, 172. *secs.* 7, 11 *and* 12; 1 *Chitty, Pl.*, 255, *and cases cited;* *Comp. Stat. Minn.*, *p.* 540. *sec.* 64, *and* *p.* 543, *sec.* 88.

II.—This is not an action by a landlord against his tenant; and the obligations imposed by the relation of landlord and tenant can have no force here. But as between landlord and tenant, if the tenant has been ousted by title paramount he may plead it; nor is it necessary to show an eviction by process of law. " It is enough that on a valid claim being made by a third person, the tenant voluntarily yielded up the possession." So he may always show that the title under which he entered has expired, or been extinguished. For if the landlord parts with his title pending the lease, the duty of the tenant including that of paying rent, is due to the assignee whoever he may be; and should the tenant himself acquire the landlord's right, the lease would be extinguished. Attornments are rendered unnecessary even in England by statute; and in the United States they are abolished, but an attornment to a mortgagee after forfeiture or breach of the mortgage was always valid. *Taylor's Landlord and Tenant*, *secs.* 308 *and* 629; 4 *Hill* 643; 4 *Mass.*, 349; 9 *Cow.* 154; 5 *Day* 282; 6 *Wend.* 666; 5 *Pick.* 124; 4 *Kent's Com. Marg.*, *p.* 491; 1 *Bou. L. Dic.* 141.

" If tenants in common join in a lease it is in judgment of law the distinct lease of each of them; for they are separately

Eastman et al. v. Lamprey.

seized, and there is no privity of estate between them." 4 *Kent's Com. Marg., page* 368; *Wash. Real. Pr. Marg., page* 418, *secs.* 6, 7 *and* 8, *and cases cited;* 5 *Cow.,* 483; 9 *Ib.* 241; 10 *Pick.* 161; 2*d Greenl., Ev., sec.* 318; 2 *Wash., R. Pr. Marg., p.* 491, 492, *and cases cited.*

III.—There is no allegation of agency in the complaint in this cause; and the referee does not find that the defendant ever was the agent of any person or persons for any purpose, or with any authority whatever; or had any control of the premises in question as agent at any time. Agency cannot be proved by the acts or declarations of an alleged agent. 5 *Minn.,* 339; 6 *Minn.,* 484; 1 *Phil. Ev., Cowen's and Hill's and Edwards' Notes,* 515 to 520, *and cases cited;* 1 *Conn.* 255.

IV.—Grants to two or more persons create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy. *Comp. Stats.* 381. *sec.* 44; 1 *Wash. Real Pr.* 431. *Sec.* 31. A tenant in common has all the rights except that of sole possession which a tenant in severalty would have; but there is no allegation showing the relation of tenant in common in the complaint. *Green. Cruise on Real pr., title* 20, *vol.* 2, *page* 390, *sec.* 2; *Marg., page* 400, *sec.* 8; *Ib. marg. p.* 402, *sec.* 14, *and cases cited;* *Ib. vol.* 1, *title* 1, *sec.* 34; *note* 3, *and cases cited;* 4 *Minn.,* 330.

V.—The motion for leave to amend the complaint, and set up a new cause of action was addressed to the discretion of the Court; and the order denying the same cannot be reviewed. 5 *Minn.* 505; 9 *Minn.* 181; 7 *Ib.* 325; 7 *Ib.* 493; 10 *Minn.* 192.

VI.—The plaintiffs wholly failed to make out any cause of action against the defendant; and this action was properly dismissed.

*By the Court.*—Wilson, Ch. J. This action was tried by a

referee, who made the following report and order. "This cause came on for trial, upon the issues joined by the pleadings, before the undersigned sole referee duly appointed by the Court in this behalf. And the said parties having appeared, by their counsel, before the said referee, on the day appointed for the trial thereof aforesaid, the said plaintiffs introduced before the said referee competent evidence proving, or tending to prove the following facts, to-wit: That on the 10th December, 1856, Parker Paine was the owner in fee simple of the real estate described in the complaint, as therein alleged, and that on the same day the said Parker Paine, by a good and sufficient deed of warranty, sold and conveyed to John W. Eastman and Arthur B. Morris, jointly, in fee simple, the said real estate; that on the 2d day of March, 1857, the said John W. Eastman and his wife, by a good and sufficient deed of quit claim, sold and conveyed to William W. Eastman, one of the plaintiffs, an undivided sixth part of said real estate, in fee simple; that on the 30th August, 1859, the said John W. Eastman and his wife, by a good and sufficient deed of quit claim, sold and conveyed to the said William W. Eastman, another undivided one-sixth part of said real estate in fee simple; that on the 10th day of September, 1860, the said William W. Eastman and his wife, by a good and sufficient deed of warranty, sold and conveyed to William K. Eastman, one of the plaintiffs, an undivided one-sixth of said real estate, in fee simple; that on the 31st January, 1857, the said Arthur B. Morris, by a good and sufficient deed of warranty, sold and conveyed to Morris Lamprey, the defendant, and to John W. Hurd and Henry S. Plumer, jointly, an undivided half of said real estate in fee simple; whereby it appeared that at the time of the commencement of the suit, the said plaintiffs and defendant each owned an undivided one-sixth part of said real estate in fee simple.

Eastman et al. v. Lamprey.

"The plaintiffs furthermore introduced competent evidence proving, or tending to prove, the following facts, viz: That one Frederick Eichenouer occupied the said real estate from the commencement of the year 1859, or thereabouts, until the year 1862, as the tenant of the joint owners of said real estate, paying rent therefor the first year to the parties owning the same, and during the second and third years to the said defendant, as agent of the owners of said real estate; that on or about the commencement of the year 1862, said defendant notified said Eichenouer that he (the defendant) claimed the sole ownership of said real estate, and that thereafter, on the 10th day of January, 1862, the said defendant, in his own name, executed and delivered to said Eichenouer, a written lease, duly executed under seal by said defendant and said Eichenouer, of said premises, for the term of one year, reserving the rent to said defendant, which said lease was renewed by said parties thereto in writing, from year to year, and is still in force; that said Eichenouer accepted said lease and renewals, paid rent thereunder to said defendant, continued in occupation of said real estate, and continued to pay rent to said defendant as his tenant from year to year, to the time of the commencement of this suit; that the occupation of said real estate by said Eichenouer, from the year 1859 to the time of the commencement of this suit, was continuous and uninterrupted; whereupon the said plaintiffs rested and closed their case, and the defendant moved for a dismissal of the action, on the ground that the plaintiffs had failed to substantiate their alleged cause of action; and after hearing the counsel of the parties upon said motion, and considering the same, the said referee, finding for the purpose of said motion the facts to be as above stated, and that the evidence in the case did not prove, or tend to prove, any other facts than as before stated, determined, as conclusions of law, that

the said plaintiffs had failed to substantiate their cause of action, in that there was no evidence proving, or tending to prove, that the said plaintiffs, by themselves, or their tenants, were in possession of the premises claimed by them, at the time of the commencement of the suit; whereupon the plaintiffs then moved to amend their complaint, so as to set up specifically the nature and character of the adverse claim of the defendant with a prayer for appropriate relief; which said motion being opposed by defendant, was overruled. (An exception by request of plaintiffs being noted to said ruling.) The said referee, the said cause of the plaintiffs having been fully closed, and upon the motion of the defendant aforesaid, granted the said motion to dismiss said action, (an exception, at the request of said plaintiff, being noted thereto) and thereupon finds that the said plaintiffs have failed to substantiate their cause of action, and reports a judgment of dismissal of said action, in favor of said defendant, and against said plaintiffs."

From the order the plaintiffs appeal. Two grounds of error are assigned. 1st, that this is an equitable action to remove a cloud from the plaintiffs' title, and may be maintained without proof of the plaintiffs' possession. 2d, that the plaintiffs' possession was proven. The complaint itself is a sufficient answer to the first objection. It is drawn in strict accordance with the requirements of chapter 75 of our statutes, which provides for the prosecution of an action by a party in possession of real property, for the purpose of determining adverse claims thereto, and it does not state facts sufficient to constitute an equitable cause of action. We must therefore presume that this action was commenced under the statute, and in such action possession must be proven; in this the plaintiffs fail, for the evidence offered shows the defendant holding adverse possession under claim of right.

If the plaintiffs have a cause of action under these circumstances they may maintain ejectment, (1 *Greenleaf's Cruise on Real Pr.*, 293 *and notes ; Adams on Ejectment,* 125 *and notes ;* 2 *Greenleaf's Ev.*, sec. 318,) which is equivalent to saying that he cannot maintain this action, for this remedy is given only to parties who, *because* they are in possession, cannot sue in ejectment. *Meigher vs. Strong,* 6 *Minn.*, 179, 180.

The order appealed from is affirmed.